IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 MAR 14 PM 2:32

KENNETH J. WILKIE,
    Petitioner,

-vs-                 Case No. A-15-CA-800-SS

GREG HAMILTON,
    Respondent.

### ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-captioned matter, and specifically Petitioner Kenneth J. Wilkie's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [#1] and the Report and Recommendation of the United States Magistrate Judge [#4]. Wilkie did not file objections to the Report and Recommendation. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following order DISMISSING the case for want of prosecution.

#### Background

Petitioner Kenneth Wilkie filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 on September 11, 2015, but did not pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* (IFP). On September 21, 2015, the Court ordered Wilkie to, within thirty days, either submit the filing fee or complete an IFP application. Although Wilkie did, in his § 2241 motion and a cover letter, ask the Court to take the $5.00 filing fee from his inmate trust account, the Court informed Wilkie in the September 21, 2015 order that was not the Court's procedure. The

Court further warned Wilkie that "[f]ailure to comply with the Court's order may result in the dismissal of this case for want of prosecution." Deficiency Order [#3] at 1.

On November 17, 2015, the United States Magistrate Judge filed his Report and Recommendation, recommending Wilkie's petition be submitted for want of prosecution, as Wilkie has failed either to remit the filing fee or to file an application to proceed IFP. *See* Report & Recommendation [#4] at 1. Wilkie failed to file objections to the Report and Recommendation, and has, to date, neither paid the filing fee nor submitted an IFP application.

## Analysis

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Baldwin v. Gladstone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

Wilkie has failed to pay the filing fee or to apply to proceed IFP, despite the Court's warning that failure to do so would result in dismissal of this case for want of prosecution. Further, the Court's order and the Magistrate Judge's Report and Recommendation were properly mailed to Wilkie's address of record. *See* Notice of Electronic Filing, Doc. #3 (indicating notice of deficiency order delivered to Wilkie's address of record); Certified Mail Acknowledgment Receipt [#6] (indicating receipt of Report & Recommendation). "As stated by the Supreme Court, '[t]he rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to

whom it was addressed.'" *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (quoting *Hagner v. United States*, 285 U.S. 427, 430 (1932)).

Wilkie's case will be dismissed without prejudice to refiling. Dismissals with prejudice for failure to prosecute are affirmed "only upon a showing of a clear record of delay or contumacious conduct . . . and where lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (internal quotations omitted)). Further, despite Wilkie's duty to check his mail and update his mailing address, it is possible that he did not receive actual notice of the Court's admonishment that his case may be dismissed for want of prosecution. *But see Woods*, 2013 WL 5839343, *2 (lesser sanctions are futile where past attempts to contact plaintiff were futile). Consequently, dismissal without prejudice is warranted.

## Conclusion

Accordingly:

IT IS ORDERED that Petitioner Kenneth J. Wilkie's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [#1] is DISMISSED WITHOUT PREJUDICE for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED on this the 14 day of March 2016.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE